UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD DUCOTE, ESQ. and AUSTIN LEISER,<br><br>    Plaintiffs,<br><br>v.<br><br>THE JUDICIARY COMMISSION OF LOUISIANA,<br><br>    Defendants. | CIVIL ACTION<br><br>NO. 19-13624<br><br>SECTION: |

## COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF

**NOW COME** Plaintiffs **Richard Ducote, Esq.** and **Austin Leiser**, *in proper person* and through the undersigned counsel, who respectfully assert the following claim for relief:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §1983, and the First and Fourteenth Amendments to the United States Constitution.

2. Subject matter jurisdiction is proper herein under 28 U.S.C. §§ 1331 and 1343.

3. This Court has authority to issue declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202 and the Federal Rules of Civil Procedure, Rules 57 and 65.

4. Venue is proper under 28 U.S.C. §1391(b)(2) in the United States District Court for the Eastern District of Louisiana because Defendant the Judiciary Commission of Louisiana sits in this district and Plaintiffs have suffered damages in this district due to the actions of Defendant.

1

## PARTIES

5. Plaintiff Richard Ducote, Esq. is a person of full age and majority domiciled in St. Tammany Parish, Louisiana, licensed to practice law in Louisiana since 1978 and in Pennsylvania since 2009.

6. Plaintiff Austin Leiser is a person of full age and majority domiciled in St. Tammany Parish, Louisiana.

7. Defendant the Judiciary Commission of Louisiana (hereinafter referred to as the "Commission") is an entity of the State of Louisiana created in 1968, and continued in existence by Article V, Section 25, of the Louisiana Constitution of 1974. The Commission has jurisdiction over all justices and judges of all courts in the State of Louisiana and makes recommendations to the Louisiana Supreme Court concerning judicial discipline. The Commission sits in New Orleans, Louisiana.

## STATEMENT OF CLAIM

8. As a result of her involvement as a litigant in her own child custody litigation, Plaintiff Austin Leiser filed a judicial conduct complaint with Defendant Commission against a certain judge on or about October 21, 2019. Due to the nature of the threats made against her by Defendant, the name of the judge is redacted at this time.

9. On October 23, 2019, Plaintiff Leiser received a letter in response to her complaint from Defendant Commission informing her that pursuant to Louisiana Supreme Court Rule XXII, Section 23, she is prohibited from disclosing that she filed a complaint with the Defendant, as well as from disclosing the Defendant's action concerning the complaint. The letter further threatened

Plaintiff Leiser that should she violate the restriction on her speech, "violations of the confidentiality rule will be taken very seriously."[1]

10. In compliance with his professional obligations as an attorney, Plaintiff Richard Ducote, Esq. filed a judicial conduct complaint with Defendant Commission against a certain judge or justice on or about November 4, 2019.

11. On November 5, 2019, Plaintiff Ducote received a letter in response to his complaint from Defendant, informing him that pursuant to Louisiana Supreme Court Rule XXII, Section 23, he is enjoined from disclosing that he filed a complaint with the Defendant, as well as from disclosing the Defendant's action on the complaint.[2]

12. Louisiana Supreme Court Rule XXIII, regarding the Judiciary Commission, Section 23, governing Confidentiality, states:

> (a) (1) All documents filed with, and evidence and proceedings before the Judiciary Commission or its hearing officers are confidential. Confidentiality may not be waived by the respondent judge; however, the judge may request a waiver of confidentiality from the Supreme Court or the Commission in accordance with the provisions of this section. The record filed by the Commission with this Court and proceedings before this Court are not confidential.
>
> Nothing in this rule prohibits the respondent judge or anyone other than a Commission member or a member of the Commission staff before the filing of a Recommendation of Discipline in the Supreme Court from making statements regarding the underlying facts or events that are the subject of a complaint filed with the Commission or a proceeding before the Commission. Moreover, once the Commission closes a file or files a notice of hearing, nothing in this rule shall prevent a complainant, respondent, or testifying witness in a Commission proceeding from disclosing or discussing the proceedings, subject to the right of the hearing officer or the Commission to issue an order in accordance with Section 8(d) of this rule. **From the time a complaint is filed throughout the investigatory stage of the proceedings,**

---

[1] October 23, 2019, Letter from Commission's Assistant Special Counsel, John Keeling, Exhibit A.
[2] November 5, 2019, Letter from Commission's Special Counsel, Michelle Beaty, Exhibit B.

3

> **complainants, respondents, and witnesses may not disclose or discuss the fact that a complaint was filed, the fact that testimony was given pursuant to Commission proceedings, or any information learned as a result of participating in such proceedings. All documents and evidence remain confidential if the Commission does not file a matter with the Supreme Court.**[3]

13. This Rule prevents Plaintiffs, as well as any other complainant, respondent, and/or witness, from disclosing or discussing the fact that a judicial complaint was filed, or any information related to Commission proceedings, in violation of their First and Fourteenth Amendment rights.

14. On its face, the Rule grossly and intolerably violates the rights of Plaintiffs and all others who participate in Judiciary Commission proceedings to the freedom of speech secured to them by the First and Fourteenth Amendments to the United States Constitution.

15. This Rule further constitutes both a content-based restriction on speech and a "presumptively unconstitutional" prior restraint on speech and publication, "*the most serious and the least tolerable infringement on First Amendment rights*."[4]

16. Plaintiffs' constitutionally protected rights to free speech are restrained by the Defendant Commission, who threatens serious action against Plaintiff Leiser should she exercise her constitutional rights to engage in protected speech.

17. Because the harm to Plaintiffs' First Amendment rights are ongoing and severe, Plaintiffs seek preliminary and permanent injunctive relief to enjoin Defendant from enforcing this

---

[3] (Emphasis added).
[4] *Nebraska Press Assn. v. Stuart,* 427 U.S. 539, 559 (1976); *see CBS v. Davis,* 510 U.S. 1315, 1317 (1994); *New York Times Co. v. United States,* 403 U.S. 713, 723–24 (1971) (Douglas, J., concurring).

Rule, and from in any way punishing, enjoining, restricting, or otherwise imposing prior restraint on Plaintiffs' constitutionally protected rights to free speech.

18. As a result of Defendant's actions, Plaintiffs have been chilled from exercising their rights to free speech protected by the First and Fourteenth Amendments to the United States Constitution.

19. Plaintiffs are undoubtedly likely to succeed on the merits of the underlying case as the law is clear that Plaintiffs' anticipated statements that they have filed Commission complaints against a certain judge or justice to be named in the statement, and that the Commission has taken certain action in response thereto, are protected speech; and, that the "confidentiality" requirements of Louisiana Supreme Court Rule XXII, Section 23 impose an unconstitutional restriction on the freedom of speech in violation of the First and Fourteenth Amendments.[5]

20. The "confidentiality requirements" acting as a gag on Plaintiffs' speech are entirely dependent on the topic of speech, *i.e.* identity of the judge at issue, the fact that a complaint was filed, and the action of the Commission. Thus, there is no question that they create a content-based restriction on speech, presumptively invalid under the First Amendment. It is well-settled that content-based restrictions and prior restraint on speech must meet the strict scrutiny test. Preventing participants from making public statements or giving out information concerning a judicial conduct complaint they have made amounts to a prior restraint on speech and undermines First Amendment rights.[6]

---

[5] *Seals v. McBee*, 15-13837, 2017 WL 3252673 (E.D. La. July 31, 2017); *King v. Caldwell ex rel. Louisiana*, 21 F.Supp.3d 651 (E.D. La. 2014).

[6] *See id.*

21.  If this Court does not enjoin Defendant Commission from enforcing the "confidentiality requirements" of Louisiana Supreme Court Rule XXIII, Section 23, Plaintiffs will continue to suffer irreparable harm due to the prior restraint on their protected speech, "unquestionably" an irreparable injury,[7] and the threat of contempt of court or further punishment should they exercise their constitutional rights.

22.  There is no conceivable harm to Defendant by the issuance of a preliminary injunction allowing Plaintiffs to exercise their constitutional rights to free speech. Any specious harm the Defendant could suggest cannot outweigh Plaintiffs' current injuries resulting from a deprivation of their rights.

23.  Finally, the public interest overwhelmingly favors enjoining Defendant from unconstitutionally gagging Plaintiffs' free speech.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray that this Court:

A.  Render in due course a judgment declaring Louisiana Supreme Court Rule XXIII, Section 23, invalid and unenforceable as an unconstitutional infringement upon the First and Fourteenth Amendments to the United States Constitution, to the extent that the Rule prohibits Plaintiffs from disclosing that they filed a Judiciary Commission complaint against certain judges or justices or disclosing the Commission's responses thereto, and to the extent that Plaintiffs can be punished or penalized in any way for such an exercise of their constitutionally protected free speech rights; and

---

[7] *Elrod v. Burns*, 427 U.S. 347, 372 (1976); *see New York Times Co. v. United States*, 403 U.S. 713 (1971).

B.  Pursuant to Rule 65(a), F.R.C.P., issue a preliminary injunction, after notice to Defendant Commission, and in due course a permanent injunction enjoining the Defendant Commission, and its agents, from threatening Plaintiffs with contempt of court proceedings or any other penalty, and commencing any such contempt of court or other punitive proceedings, solely because Plaintiffs disclose that they filed a Commission complaint against the certain judge or justice and disclose the Commission's response thereto; and

C.  Award such other relief as this Honorable Court may deem just and deserving.

Respectfully submitted,

s/ *Richard Ducote*
Richard Ducote, Esq.
(La. Id. #5111)
*In Proper Person and*
*Counsel for Plaintiff Austin Leiser*

s/ *Victoria McIntyre*
Victoria McIntyre, Esq.
(La. Id #38344)
*Counsel for Plaintiffs Richard Ducote, Esq.*
*and Austin Leiser*

**RICHARD DUCOTE, ATTORNEY & COUNSELOR AT LAW, APLC**
318 E. Boston Street, Floor 2
Covington, LA 70433
Phone: (985) 898-2755
Fax: (985) 898-2754
rducote@ducotelaw.com
vmcintyre@ducotelaw.com