UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD DUCOTE ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-13624** |
| **JUDICIARY COMMISSION OF LOUISIANA** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant The Judiciary Commission of Louisiana's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) (Doc. 9) and Motion for Leave to File Amended and Supplemental Complaint (Doc. 19). For the following reasons, the Motion to Dismiss is **GRANTED** and the Motion for Leave is **DENIED**.

## BACKGROUND

Plaintiffs, Richard Ducote and Austin Leiser, bring this action pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments. The Complaint alleges that on October 21, 2019, Leiser filed a judicial conduct complaint with Defendant, The Judiciary Commission of Louisiana ("the Commission"). The Complaint also alleges that Ducote filed a judicial conduct complaint with the Commission on November 4, 2019. In response to their complaints, each Plaintiff received a letter from the Commission. The letters explained that, under Louisiana Supreme Court Rule XXIII, Section 23, Plaintiffs were prohibited from disclosing the fact of filing of the complaints and any action taken by the Commission on the complaints.

Plaintiffs aver that Louisiana Supreme Court Rule XXIII, Section 23 ("the Rule") prevents complainants, respondents, and witnesses from disclosing or discussing the fact that a complaint was filed or any information related to the Commission's proceedings in violation of the First and Fourteenth Amendments. Plaintiffs seek declaratory and injunctive relief.

In the instant Motion, Defendant seeks dismissal of Plaintiffs' Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim, respectively. Defendant argues that this Court lacks subject matter jurisdiction over the action because the Commission is immune under the Eleventh Amendment, the Plaintiffs lack standing, and their claims are not ripe. Defendant also argues that dismissal for failure to state a claim is appropriate because the Commission lacks the capacity to be sued and the claims for injunctive relief are contrary to the plain text of § 1983. Because this Court finds that it lacks subject matter jurisdiction over the claims at issue, it need not address the arguments for dismissal under Rule 12(b)(6).

## LEGAL STANDARD

### I.     Motion to Dismiss

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[1] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed

---

[1] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

2

facts.[2] The proponents of federal court jurisdiction—in this case, the Plaintiffs—bear the burden of establishing subject matter jurisdiction.[3]

## II. Motion for Leave to Amend

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave."[4] Moreover, Rule 15(a) urges that the Court "should freely give leave when justice so requires."[5] In taking this liberal approach, Rule 15(a) "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."[6]

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'"[7] When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'"[8] An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion.[9]

---

[2] Den Norske Stats Oljesels kap As v. Heere MacVof, 241 F.3d 420, 424 (5th Cir. 2001).
[3] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).
[4] FED. R. CIV. P. 15(a)(2).
[5] *Id.*
[6] Conley v. Gibson, 355 U.S. 41, 48 (1957).
[7] Jones v. Robinson Prop. Grp., 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting Lyn-Lea Travel Corp. v. Am. Airlines, 283 F.3d 282, 286 (5th Cir. 2002)).
[8] Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n, 751 F.3d 368, 378 (5th Cir. 2014) (quoting Jones, 427 F.3d at 994)
[9] *Id.* (citing Briggs v. Miss., 331 F.3d 499, 508 (5th Cir. 2003)).

## LAW AND ANALYSIS

Defendant first argues that this Court lacks subject matter jurisdiction because it is immune from suit under the Eleventh Amendment. In most cases, the Eleventh Amendment confers sovereign immunity upon states and prohibits private suits against states in federal court.[10] Eleventh Amendment sovereign immunity may be waived by the state or expressly abrogated by Congress.[11] Here, the State has not waived its sovereign immunity as it relates to this suit,[12] and Congress has not expressly abrogated the states' sovereign immunity as it relates to § 1983 actions.[13]

Plaintiffs do not argue that the Judiciary Commission of Louisiana is not an arm of the state qualifying for Eleventh Amendment immunity; rather, Plaintiffs argue that Eleventh Amendment immunity is inapplicable here because it only applies to monetary claims and not claims for declaratory or injunctive relief. This is inaccurate. "[T]he Eleventh Amendment by its terms clearly applies to a suit seeking an injunction, a remedy available only from equity. To adopt the suggested rule, limiting the strictures of the Eleventh Amendment to a suit for a money judgment, would ignore the explicit language and contradict the very words of the Amendment itself."[14]

---

[10] City of Austin v. Paxton, 943 F.3d 993, 997 (5th Cir. 2019) (citing Va. Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 253 (2011)).
[11] Raj v. La. State Univ., 714 F.3d 322, 328 (5th Cir. 2013).
[12] See Cozzo v. Tangipahoa Par. Council-President Gov't, 279 F.3d 273, 281 (5th Cir. 2002) ("By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal courts." (citing LA. REV. STAT. § 13:5106(A))).
[13] Quern v. Jordan, 440 U.S. 332, 345 (1979) ("[Section] 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States.").
[14] Cory v. White, 457 U.S. 85, 91 (1982).

There is an exception to this grant of immunity, however: the *Ex parte Young* exception. The *Young* exception allows private parties to bring suits for injunctive or declaratory relief against individual state officials acting in violation of federal law.[15] There are three basic elements of an *Ex parte Young* lawsuit. "The suit must: (1) be brought against state officers who are acting in their official capacities; (2) seek prospective relief to redress ongoing conduct; and (3) allege a violation of federal, not state, law."[16]

Here, Plaintiffs' Complaint fails to satisfy the first requirement on its face because it does not name any individual state officials as defendants in their official capacities. Accordingly, the Judiciary Commission of Louisiana is entitled to Eleventh Amendment immunity. Plaintiffs have, however, filed a Motion for Leave to File an Amended and Supplemental Complaint, seeking leave to add individual defendants—three members of the Commission—in their official capacities.[17] This would indeed satisfy the first requirement. Defendant argues, however, that even if Plaintiffs are given leave to amend their Complaint in order to name individual defendants in their official capacities, the Complaint would still fail under *Ex parte Young* because the Commission and its members lack enforcement authority relative to violations of the Rule. This argument addresses the second requirement for *Ex parte Young* relief—the redressability of ongoing conduct through prospective relief.

For the *Ex parte Young* exception to apply, "the state official, by virtue of his office, must have some connection with the enforcement of the challenged act, or else the suit is merely making him a party as a representative of the

---

[15] *Paxton*, 943 F.3d at 997 (citing *Raj*, 714 F.3d at 328).
[16] Williams v. Reeves, 954 F.3d 729, 746 (5th Cir. 2020) (citing NiGen Biotech, L.L.C. v. Paxton, 804 F.3d 389, 394 (5th Cir. 2015)).
[17] Doc. 19.

5

state, and thereby attempting to make the state a party."[18] "The text of the challenged law need not actually state the official's duty to enforce it, although such a statement may make that duty clearer."[19]

Here, Plaintiffs aver that the Commission's enforcement authority over the Rule is derived from Louisiana Supreme Court Rule XXIII, Section 20, which provides:

> If any person shall fail to obey any notice, citation, subpoena, or process issued by the Commission or this Court, or if any other occasion shall arise for proceeding against any person for being in contempt of the authority of the Court or of the Commission, the Commission shall certify the fact to this Court, and thereupon the Court shall proceed to determine whether the party whose conduct is complained of is in contempt of the authority of the Court or the Commission and, if so, to punish the offending party for contempt of court.

Plaintiffs argue that this provision empowers the Commission to place offending parties in contempt of court for violating the Commission's Rule. Defendant argues that the "Commission's potential role with respect to contempt proceedings is limited to 'certify[ing] the fact' that an occasion has arisen for contempt proceedings to the Louisiana Supreme Court for the Court to determine whether the facts actually constitute contempt."[20] Defendant further argues that the Commission's certification role falls short of the type of enforcement power required to proceed under *Ex parte Young*. This Court agrees with Defendant.

---

[18] *Paxton*, 943 F.3d at 997 (citing *Ex parte Young*, 209 U.S. 123, 157 (1908) (internal brackets and quotations omitted)).

[19] *Paxton*, 943 F.3d at 997–98 (citing *Ex parte Young*, 209 U.S. at 157). Fifth Circuit jurisprudence is unclear as to what constitutes a sufficient connection to enforcement. *Id.* at 999 (noting that panels in the Fifth Circuit are split as to whether the official must have "the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty" or, rather, whether the state officer only must have some connection with the enforcement of the statute).

[20] Doc. 9-2 at 5 (brackets in original).

First, Louisiana Supreme Court Rule XXIII, Section 20, empowers only "the [Louisiana Supreme] Court . . . to determine whether the party . . . is in contempt . . . and, if so, to punish the offending party for contempt of court." The Commission's connection to enforcement is limited to certifying facts to the Louisiana Supreme Court, which then has the authority to act upon those certified facts.

Second, the cases cited by Plaintiffs do not support the finding that the Commission or its members possess enforcement authority. For example, in *Fund for Louisiana's Future v. Louisiana Board of Ethics*, the court found that the Louisiana Board of Ethics had the requisite connection to enforcement where it was tasked by statute to "function as the supervisory committee to administer and *enforce* the provisions of this Chapter."[21] Here, the Louisiana Supreme Court is tasked with enforcement by statute; not the Commission or its members.

Plaintiffs also point to *Boudreaux v. Louisiana State Bar Association* for the proposition that the Eleventh Amendment did not shield the Louisiana State Bar Association ("LSBA") or the Louisiana Supreme Court from federal jurisdiction in a suit for declaratory and injunctive relief.[22] The *Boudreaux* court, however, found that

> [t]he Justices of the Louisiana Supreme Court . . . take an "active role" in enforcing the LSBA membership requirement. The LSBA certifies to the Supreme Court those members who are in bad standing and ineligible to practice law for failing to timely register. The Louisiana Supreme Court is responsible for initiating disciplinary proceedings and sanctioning members who fail to comply with the registration requirement and may disbar such members. Relatedly, the Louisiana Supreme Court's authority to

---

[21] No. CIV.A. 14-0368, 2014 WL 1514234, at *6 (E.D. La. Apr. 16, 2014) (emphasis added).
[22] No. 19-11962, 2020 WL 137276 (E.D. La. Jan. 13, 2020).

7

sanction members who fail to register establishes that the Justices have the particular duty to enforce the registration requirement.[23]

Contrary to Plaintiffs' assertions, the *Boudreaux* court did not hold that the LSBA had a sufficient connection to enforcement. Rather, its holding was limited to the Justices of the Louisiana Supreme Court. It held that, "because the Justices enforce the laws that Boudreaux challenges as unconstitutional, they are subject to suit for injunctive relief pursuant to the [*Ex parte*] *Young* exception."[24] Indeed, the LSBA's role parallels the Commission's role as "certifier" to the Louisiana Supreme Court. Notably, the *Boudreaux* court did not make a finding of enforcement authority as to the LSBA.

Plaintiffs fail to cite to any case law in which a defendant sued in his official capacity was found to have the requisite enforcement authority under *Ex parte Young* for simply certifying or noticing facts to a separate, superior body with actual enforcement authority. Accordingly, even if Plaintiffs amend their Complaint to name individual defendants in their official capacities as members of the Commission, the *Ex parte Young* exception would nevertheless be inapplicable, and amendment would be futile.

Having found that the Commission and its members are immune from suit under the Eleventh Amendment, the Court need not address Defendant's arguments as to standing, ripeness, and capacity.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 9) is **GRANTED**, and Plaintiffs' Motion for Leave to Amend (Doc. 19) is **DENIED**. Accordingly, Plaintiffs' Complaint is **DISMISSED**.

---

[23] *Id.* at *20 (internal citations omitted).
[24] *Id.* at *21.

New Orleans, Louisiana this 11th day of June, 2020.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**